# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Brandon G Adams,<br><br>              Plaintiff,<br><br>    v.<br><br>Speedy Recovery Inc,<br><br>              Defendant. | Case No. 2:23-cv-00251-GMN-BNW<br><br>**SCREENING ORDER and**<br><br>**REPORT & RECOMMENDATION** |

*Pro se* Plaintiff Brandon Adams initiated this lawsuit on February 16, 2023, by filing a complaint. ECF No. 1. He subsequently filed an application to proceed *in forma pauperis*. ECF No. 15. Because Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them, the Court grants his request to proceed *in forma pauperis* (ECF No. 15).

The Court now screens the complaint. ECF No. 1-1.

## I.   Analysis

### A.   Screening Standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the Complaint**

Plaintiff simply states that defendant "took his car," which contained his personal belongings, "while under a Federal Law Suit." ECF No. 1-1 at 4. At this juncture, besides having almost no information about the alleged claims, it is not clear that this Court has jurisdiction over this claim.

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," otherwise known as federal question jurisdiction. 28 U.S.C. § 1331.[1]

---

[1] Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Because both Plaintiff and Defendant are citizens of Nevada, there is no diversity. ECF No. 1-1 at 1–2.

Here, Plaintiff lists certain statutes which would presumably give the Court jurisdiction over his claim. As explained below, the Court will dismiss Plaintiff's complaint and give Plaintiff leave to amend certain claims.

### 1. 15 U.S.C. § 1962

It appears that Plaintiff is attempting to claim a violation of the Federal Debt Collection Practices Act. The FDCPA was created to protect consumers from unfair and deceptive debt collection practices. *See* 15 U.S.C. § 1692. "To state a claim for violation of the FDCPA, a plaintiff must allege that the defendant is a debt collector collecting a debt." *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (internal quotation marks omitted). "In order for a plaintiff to recover under the FDCPA, there are three threshold requirements: (1) the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector'; and (3) the defendant must have committed some act or omission in violation of the FDCPA." *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009); *see* 15 U.S.C. § 1692a(3), (6).

If Plaintiff wishes to pursue this claim, he must provide the necessary facts to show how all three requirements listed above are satisfied.

### 2. 10 U.S.C. § 921

Title 10 of the United States Code outlines the role of armed forces in the United States Code. It provides the legal basis for the roles, missions, and organization of each of the services as well as the United States Department of Defense. Plaintiff cannot bring a claim under the 10 U.S.C. § 921 because this federal statute does not confer a private right of action. *McArthur v. Yale New Haven Hosp.*, No. 20-CV-998, 2021 WL 3725996, at *4 (D. Conn. Aug. 23, 2021) (no private right of action under 10 U.S.C. § 921). As a result, the Court recommends that this claim be dismissed with prejudice.

### 3. Constitutional Claims

Plaintiff asserts violations of the Seventh and Fourteenth Amendments and Article IV Clause 2. Constitutional claims against state actors must be brought under 42 U.S.C. § 1983. *See, e.g., Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). When actions are brought against

private parties for infringement of constitutional rights, Plaintiff must show that the private parties' infringement somehow constitutes state action. *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996).

Generally, private parties, such as Defendant Speedy Recovery, are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). However, where a private party conspires with state officials to deprive others of constitutional rights, the private party is acting under color of state law. *See Tower v. Glover*, 467 U.S. 914, 920 (1984). "To prove a conspiracy between the state and private parties under [§] 1983, the [plaintiff] must show an agreement or meeting of the minds to violate constitutional rights. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each must at least share the common objective of the conspiracy." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989).

Thus, in order to proceed with the constitutional claims against Speedy Recovery, Plaintiff must show how Speedy Recovery acted under color of state law.

### 4. NRS § 598.092

As explained above, the Court has jurisdiction only over matters arising under the Constitution, laws, or treaties of the United States. This is a state—not federal—statute.

The supplemental jurisdiction statute provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Courts in this circuit have explained that where state law claims arise from the same nucleus of operative fact as federal claims, a district court may properly invoke its supplemental jurisdiction over the state law claims. *See Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

Since Plaintiff must successfully state a federal claim to proceed with his case, the Court will not screen his potential state court claims at this time. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated

before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

### C. Amendment

If Plaintiff chooses to amend, he must read this Order carefully and allege sufficient facts to show that the requirements of each claim are met.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) will no longer serve any function in this case. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

## II. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff Brandon Adams' application for leave to proceed *in forma pauperis* (ECF No. 15) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed without prejudice and with leave to amend. **If Plaintiff chooses to file an amended complaint, he must do so by May 28, 2023, or this Court will recommend that his case be dismissed.**

**IT IS RECOMMENDED** that Plaintiff's claim under 10 U.S.C. § 921 be DISMISSED with prejudice.

//
//
//
//
//
//
//
//

### III. Notice

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within 14 days of being served with it. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 28, 2023.

                                              BRENDA WEKSLER
                                              UNITED STATES MAGISTRATE JUDGE